IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL C. HOAGLIN, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DUKE UNIVERSITY HEALTH )<br>SYSTEM, INC., d/b/a "DUKE )<br>UNIVERSITY HOSPITAL"; and )<br>JOSHUA SETH BRODER, M.D., )<br>)<br>Defendants. ) | 1:18CV680 |

**ORDER**

Before the Court is Plaintiff's Motion to Remand this action to state court filed on August 28, 2018. (ECF No. 10.) For the reasons set forth below, this Court will grant Plaintiff's motion to remand.

Plaintiff, Michael C. Hoaglin, M.D., initiated this action in Durham County Superior Court on July 3, 2018 against his former employer, Duke University System, Inc., d/b/a "Duke University Hospital" ("Duke Hospital"), and Joshua Seth Broder, M.D.[1] (collectively "Defendants"). (ECF No. 7.) Plaintiff's Complaint alleges seven claims for relief. *Id.* The first three claims (disparate treatment, failure to accommodate, and retaliation) are brought under the Americans with Disabilities Act of 1990, as amended by Americans with Disabilities Amendment Act of 2008 ("ADAAA"), 42 U.S.C §12101 *et seq.* (*Id.* at 27-31). The four remaining claims (breach of contract, tortious interference with contract, intentional infliction

---

[1] Defendant Joshua Broder was Plaintiff's supervisor at Duke Hospital. (*See* ECF No. 10-1 ¶ 2.)

of emotional distress, and negligent infliction of emotional distress) are state common law claims. (*Id.* at 31–39.) On August 6, 2018, Defendants filed with this Court a Notice of Removal which identified federal question jurisdiction as the basis for removal, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446. (ECF No. 1.)

Plaintiff argues in his Motion to Remand that, in removing this case, "Defendants ignored the fact that Duke Hospital had previously entered into an employment agreement with [Plaintiff] wherein the parties agreed that the state courts of North Carolina shall have the exclusive jurisdiction over any proceeding arising in connection with the referenced agreement." (ECF No. 10 at 2.) Defendants argue in response that, because the Complaint "asserts causes of action under the Americans with Disabilities Act of 1990, as amended by the American with Disabilities Amendments Act of 2008 ('ADAAA'),"  this Court has federal question jurisdiction over this matter and supplemental jurisdiction over the state law claims. (ECF No. 15 at 1.) In addition, Defendants argue that "Plaintiff's ADAAA claims are beyond the scope of the forum selection clause." (*Id.* at 2.)

Neither party contests, and thus this Court finds at the outset, the following: (i) that on or about July 1, 2016, Plaintiff, a medical resident at the time, and Defendant Duke Hospital renewed their employment agreement ("the Agreement") for Plaintiff to complete his last year of residency, (ECF No. 7-3; ECF No. 15 at 3); (ii) that the Agreement contained, among other things, a forum-selection clause which reads as follows:

> Forum. Both Trainee and DUHS hereby irrevocably and unconditionally (i) consents to submit to the exclusive jurisdiction of the courts of the State of North Carolina for any proceeding arising in connection with this Agreement and each Party agrees not to commence any such proceeding, except in such courts and (ii) waives any obligation to the laying of venue

2

> of any such proceeding in the courts of the State of North Carolina.

(ECF No. 7-3 ¶ 15; ECF No. 15 at 7); (iii) that the forum-selection clause in the Agreement is valid and enforceable, (ECF No. 19 at 1; ECF No. 15 at 7); and (iv) that the forum-selection clause is mandatory in nature, (ECF No. 15 at 7; ECF No. 19 at 1). Thus, the issue presented here is whether Defendants' removal of the case to this Court from state court was proper considering the presence of the mandatory forum-selection clause in the Agreement.

The law is clear that in a removal case, the removing party must demonstrate that this Court has subject-matter jurisdiction over the case. *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). However, in a case such as this, the presence of a valid and enforceable forum-selection clause may prevent the court from exercising jurisdiction over a case it is otherwise authorized to hear. *Bartels by and through Bartels v. Saber Healthcare Grp., LLC.,* 880 F.3d 668, 680 (4th Cir. 2018). The Fourth Circuit explained in *Bartels* that, "a forum-selection clause has nothing to do with subject-matter jurisdiction[,] . . . [nor does it] somehow negate the factual and legal bases establishing the court's jurisdiction." *Id.* Rather, "in the removal context, an enforceable forum-selection clause essentially operates as an affirmative defense to removal—subject-matter jurisdiction exists, but the forum-selection clause effects a waiver of the defendant's right to ask the court to exercise that jurisdiction." *Id.* at 681. It is "[t]he party asserting an affirmative defense [that] bears the burden of proving it." *Id.*

Here, Defendants have established that this Court has subject-matter jurisdiction over Plaintiff's ADAAA claims. Under 28 U.S.C. § 1331, district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.

§ 1331. Counts one, two, and three of Plaintiff's Complaint assert claims under the ADAAA giving this Court federal question jurisdiction over such claims. Further, since the Court has subject-matter jurisdiction over some of Plaintiff's claims, 28 U.S.C. § 1367 allows the Court, within its discretion, to exercise supplemental jurisdiction over Plaintiff's related state law claims. 28 U.S.C. § 1367(a). However, because there exists a valid forum-selection clause in this case, the Court must next examine the scope of the clause and whether Defendants have waived their right to ask this Court to exercise jurisdiction of this action.

Defendants argue that Plaintiff's ADAAA claims and state tort claims are beyond the scope of the forum-selection clause and thus this Court should exercise jurisdiction over these claims. (ECF No. 15 at 6.) Specifically, with respect to the ADAAA claims, Defendants argue: (i) that the forum selection clause does not contain express inclusion of the ADAAA claims; (ii) that Plaintiff's ADAAA claims are independent of the Agreement; and (iii) that an interpretation of the Agreement terms is not necessary to resolve those claims. (*Id.* at 7-11.) Defendants further argue that, as to Plaintiff's tort claims such claims, "are not creatures of contract and are unrelated to the Agreement or its terms. (*Id.* at 11.) Plaintiff, on the other hand, argues that the language of the clause is unambiguously broad and encompasses all of his claims. (ECF No. 19 at 2–6.) Further, Plaintiff argues that if the Court concludes that the forum-selection clause is ambiguous, such ambiguity must be resolved against Defendants who drafted the Agreement. (*Id.* at 6.) Finally, Plaintiffs argue that on a motion to remand where there is doubt concerning the Court's jurisdiction, such doubt must be resolved in favor of remand. (*Id.* at 9–10.)

A forum-selection clause is applicable to only those claims that fall within the scope of the clause. *Open Text Corp. v. Grimes*, 262 F. Supp. 3d 278, 287 (D. Md. 2017) (explaining that if specific claims fall within the scope of a forum-selection clause, "the clause presumptively bars their adjudication outside of the designated forum" (quoting *Fangman v. Genuine Title, LLC*, Civ. A. No. RDB-14-0081, 2015 WL 8315704, at *13 (D. Md. Dec. 9, 2015))). "Courts interpret the scope of contract provisions according to relevant state law, and the starting point for analyzing the scope of a forum-selection clause is the language of the clause itself." *Generation Cos., LLC v. Holiday Hosp. Franchising, LLC*, No. 5:15-CV-220-FL, 2015 WL 7306448, at *6 (E.D.N.C. Nov. 19, 2015). Under North Carolina law, to determine the parties' intent, the Court must begin with the language of the contract. *Corbin v. Langdon*, 208 S.E.2d 251, 254 (N.C. Ct. App. 1974). The Court must "consider the clear intent of the parties as set out in the Agreement to determine whether the forum selection clause is applicable to . . . Plaintiff's claims." *Tracy v. Loram Maint. of Way, Inc.*, No. 5:10-CV-102-RLV, 2011 WL 2791257, at *3 (W.D.N.C. July 14, 2011). When the language of the contract is "clear and unambiguous," the Court must interpret the contract as written. *Corbin*, 208 S.E.2d at 254; *see also Moore v. Moore*, 768 S.E.2d 4, 9 (N.C. Ct. App. 2014). Further, the contract must be read as a whole, giving effect to all of its provisions. *Robbins v. C. W. Myers Trading Post, Inc.*, 117 S.E.2d 438, 440–41 (N.C. 1960).

Here, the plain language of the forum-selection clause, and the intent of the parties as reflected in a review of the parties' Agreement, compels this Court to agree with Plaintiff that the clause encompasses all of Plaintiff's claims. The forum-selection clause here provides, in pertinent part, that the parties "hereby irrevocably and unconditionally (i) consents to submit

5

to the exclusive jurisdiction of the courts of the State of North Carolina for *any proceeding arising in connection with this agreement*." (ECF No. 7-3 ¶ 15 (emphasis added).) The Fourth Circuit in *Bartels,* which addressed, among other issues, whether a forum selection clause encompassed state statutory claims, concluded that "'[t]he 'in connection with' language [in the clause] broadens the scope of the clause beyond pure contract claims and extends it to 'every dispute between the parties having a significant relationship to the contract regardless of the label attached to the dispute.'" *Bartels,* 880 F.3d at 678 (emphasis omitted) (quoting *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 321 (4th Cir. 1988).

Defendants go to great lengths to argue that Plaintiff "overreaches" in his reliance on *Bartels* as definitive on the issue of the scope of the clause. (ECF No. 15 at 7–9.) According to Defendants, the Fourth Circuit "looked to arbitration agreement language" in arriving at its decision in the case, and in doing so, does not adequately account for the differences between an arbitration clause and a forum-selection clause. (*Id.* at 7–8.) Defendants' argument, however, is not persuasive, particularly given that, in response to binding Fourth Circuit precedent, Defendants cite, as support for this argument, an unpublished opinion from a district court outside of the Fourth Circuit interpreting United States Supreme Court cases. (*See id.* at 8.)

Plaintiff, on the other hand, cites to *Bartels* and numerous district court cases in the Fourth Circuit that have found language similar to the language in the forum-selection clause here sufficiently broad to encompass non-contractual claims arising from the employment relationship, including federal discrimination claims. (*See* ECF No. 12 at 5; ECF No. 19 at 2–5 (citing *Tracy*, 2011 WL 2791257, at *3–*4 (examining a forum-selection clause that provided:

6

"Any dispute relating to this Agreement" encompasses plaintiff's Title VII and other discrimination claims, and noting that "a dispute is in relation to an agreement [when] there is a logical or natural association or relevance between two things (internal quotation marks omitted)); *White Oak Power Constructors v. Alstom Power, Inc.*, Civ. No. CCB-17-1437, 2017 WL 5158507, at *3 (D. Md. Nov. 7, 2017) (finding that plaintiff's tort claims are encompassed when forum-selection clause refers to "[a]ny legal action or proceeding with respect to this Agreement" and "actions or proceedings arising out of or in connection with this Agreement"); *SeaCast of Carolinas, Inc. v. Premise Networks, Inc.*, Civ. A. No. 4:09-CV-00186-RBH, 2009 WL 5214314, at *3–4 (D.S.C. Dec. 28, 2009) ("[T]he forum selection clause at issue here applies to '[a]ny disputes, controversies, or claims arising out of or relating to this Agreement' and is broad enough to encompass the [p]laintiffs' contract-related tort claims."); *Varsity Gold, Inc. v. Cron*, No. 5:08-CV-81-BO, 2008 WL 4831418, at *2 & n.1 (E.D.N.C. Nov. 5, 2008) (ruling that "contract-related" tort claims are encompassed by broad forum-selection clause containing provisions that provide, *inter alia*: "All lawsuits, claims or legal proceedings arising from or related to this Agreement . . . .").

Reviewing the parties' Agreement as a whole, this Court concludes that the parties intended the forum-selection clause to encompass all of Plaintiff's claims, as each claim has a connection to the rights and responsibilities that form the parties' employment relationship. Having reached this conclusion related to the scope of the forum-selection clause, this Court further concludes that Defendants have expressly waived any rights it may have to bring this action in a forum other than in the courts of the State of North Carolina. The operative forum-selection clause provides, in part, that "each Party agrees not to commence any . . .

proceeding except in such [state] courts." (ECF No. 7-3 ¶ 15.) There is no ambiguity as to the express language in the clause, thus demonstrating Defendants' waiver. Accordingly, Plaintiff has met its burden of demonstrating that "the forum-selection clause effects a waiver" of Defendant's right to request that this Court exercise jurisdiction over the non-contractual claims in Plaintiff's Complaint. *Bartels*, 880 F.3d at 681. Based on the above, this action must be remanded to state court.[2]

For the reasons stated herein, the Court enters the following:

**ORDER**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand, (ECF No. 10), is GRANTED, and this action shall be REMANDED to the General Court of Justice, Superior Court Division, Durham County, North Carolina.

IT IS FURTHER ORDERED that the Clerk of Court shall terminate the proceedings in this Court.

This, the 17th day of July, 2019.

/s/ Loretta C. Biggs
United States District Judge

---

[2] The Court notes that Defendant Joshua Seth Broder, M.D. is not a party to the Agreement containing the forum-selection clause that this Court finds encompasses all of Plaintiff's claims in this action. However, because, under the "rule of unanimity," removal of a case to federal court "require[s] *all* defendants in a case to join in or consent to the removal," *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013) (emphasis added), this action may not proceed in this Court absent consent of all defendants.